# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:10cv154

| | | |
|---|---|---|
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | ORDER |
| LAURA M. SANDERS; and DIANE M. SANDERS, | ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER,** which is in interpleader to determine the proper beneficiary of insurance benefits due under a Policy of life insurance issued to the late John M. Sanders, and is before the court on

(1) Laura M. Sanders' Motion for Judgment on the Pleadings (#16); and

(2) Provident Life and Accident Insurance Company's ("Provident") Motion for Dismissal and Payment of Attorneys' Fees and Costs (#18).

## I. Laura Sanders' Motion for Judgment on the Pleadings

As to defendant Laura M. Sanders' Motion for Judgment on the Pleadings, the basis of the July 26, 2010, motion is that the other named defendant and claimant to the proceeds of the policy, Defendant Diane M. Sanders, had not then answered or otherwise responded to the Complaint within the time allowed as such defendant's Answer or other responsive pleading was due to be filed May 17, 2010. See Summons Return (#9). Eight days after such motion was filed, Defendant Diane Sanders filed

-1-

her *pro se* Answer. (#17). While such responsive pleading was clearly out-of-time, no party has moved to strike the untimely answer. Thus, the basis for Defendant Laura Sanders' Motion for Judgment of Pleadings is no longer applicable.

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In resolving a motion for judgment on the pleadings, the court must accept all of the nonmovant's factual averments as true and draw all reasonable inferences in its favor. Bradley v. Ramsey, 329 F. Supp. 2d 617, 622 (W.D.N.C. 2004); Atwater v. Nortel Networks, Inc., 394 F. Supp. 2d 730, 731 (M.D.N.C. 2005). Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Bradley, 329 F. Supp. 2d at 622. The standard is similar to that used in ruling on Rule 12(b)(6) motion "with the key difference being that on a 12(c) motion, the court is to consider the answer as well as the complaint." Continental Cleaning Serv. V. United Parcel Serv., Inc., 1999 WL 1939249, at *1 (M.D.N.C. April 13, 1999) (internal citations omitted).

In resolving a motion for judgment on the pleadings, the court may rely on admitted facts in the pleadings, documents attached to the pleadings, and facts contained in materials of which the court may take judicial notice. Bradley, 329 F. Supp. 2d, at 622 (noting that the Court should consider documents attached to the pleadings); Hebert Abstract Co. v. Touchstone Prop., Ltd., 914 F.2d 74, 76 (5th Cir. 1990) (holding that court should consider pleadings and judicially noticed facts). Where an insurance policy is "integral to and explicitly relied upon in the complaint,"

the policy itself should be considered along with the factual allegations of the complaint and answer. Colin v. Marconi Commerce Sys. Employees' Retirement Plan, 335 F. Supp. 2d 590, 596 (M.D.N.C. 2004).While it could well be argued that the Answer could be stricken, the court believes it is prudent to proceed on the merits as Defendant Diane Sanders is proceeding *pro se*.

Having conducted such review, the court determines that judgment on the pleadings is not now appropriate in light of the fact that Defendant Diane Sanders has filed her Answer. The court greatly appreciates that counsel, the parties, and Honorable David C. Cayer, United States Magistrate Judge, have anticipated such result and moved the case forward in the interim.

**II.  Provident's Motion for Dismissal and Payment of Attorneys' Fees and Costs**

The court has also closely considered Provident's Motion for Dismissal and Payment of Attorneys' Fees and Costs, and it appears that they are entitled to the relief they seek.

In conducting such review, the court has considered Defendant Diane Sanders' Response (#20) to such motion. While Defendant Diane Sanders' takes issue with Provident's filing of this action and alleges a conspiracy between plaintiff and the other defendant, such contentions are conclusory and are not relevant to the request Provident has made. Defendant Diane Sanders is respectfully advised that Provident did precisely what the law required in filing this action as there are competing claims to the death benefits accruing from the policy Provident issued. The law further provides that once Provident has paid such funds into the court and caused to be

noticed the parties with competing interests, it is entitled to be relieved from further obligation under the policy or further participation in this action. In the court's discretion, it is also entitled to be compensated for the costs it has incurred in bringing this action.

Turning to the substance of Provident's request, the following appears from a review of the court's docket. This is an action in interpleader to determine the proper beneficiary of insurance benefits due under the Policy on account of the death of Mr. Sanders. Provident is a disinterested stakeholder, which does not claim any beneficial interest in the Policy proceeds. Provident has admitted liability under the Policy, and paid $26,237.10 into the Registry of this court, so that the court may determine the proper recipient thereof. Defendants are rival claimants to the proceeds at issue, who have all been served and who have now answered. The court has jurisdiction over the parties and the subject matter because the benefits at issue are from a plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

In Exhibit B to the Complaint, Mr. Sanders designated his then wife, Diane Sanders, as beneficiary by a change of beneficiary dated December 23, 1998. Shortly before his death on January 24, 2010, he designated his mother, Laura Sanders, as beneficiary by a change of beneficiary form dated January 8, 2010. See Exhibit C to the Complaint. At the time of such change in designation, Mr. Sanders was no longer married to Diane Sanders. Both Diane Sanders and Laura Sanders have made claims to Provident for the proceeds. See Exhibits A and B to the Motion.

On April 19, 2010, Laura Sanders responded to the Complaint by letter, written *pro se.* On July 23, 2010, Laura Sanders filed a counseled Answer, asserting her entitlement to benefits, and on July 26, 2010, she filed a motion for judgment on the pleadings. On August 3, 2010, Diane Sanders filed *pro se* a document with the court asserting her right to benefits, which has been docketed as an Answer. In their respective answers neither beneficiary has raised any question about the amount paid, or asserted any claim against Provident.

As a disinterested stakeholder, Provident has sought dismissal from the action and an award of all or a portion of its fees, totaling $3,500.00, and $380.00 in costs incurred. Provident has properly documented such fees and costs in the form of an Affidavit from its attorney, George K. Evans, Jr.

The issues that remain for resolution in this case are raised by Diane Sanders who questions the effect of the January 8, 2010, beneficiary change, arguing that it was ineffectual because it does not reflect, on its face, receipt by Provident. Provident has, however, provided to the court a letter from Provident to Laura Sanders, dated January 19, 2010, confirming receipt of the change of beneficiary form, and acknowledging a change in Provident's records. See Exhibit C to the Motion. The court notes that such confirmation was dated five days before Mr. Sander's death. No party has interposed any objection to such Exhibit. Plaintiff is entitled to the dismissal it seeks as a matter of law. Interpleader was necessary to protect both the rights of Provident and the rights of the two potential claimants.

As to the award of fees and costs, the Court of Appeals for the Fourth Circuit

instructs, as follows: "the federal courts have held that it is proper for an interpleader plaintiff to be reimbursed for costs associated with bringing the action forward." Trustees of the Plumbers and Pipefitters National Pension Fund v. Sprague, 2007 WL 3024025, *2 (4th Cir. 2007).[1] Costs, including attorneys' fees, may be awarded in the Court's discretion, normally to be paid from the interpleaded fund. Id. No party has called into question the amounts averred, and the court finds the costs and fees sought to be reasonable. Payment of all or a portion of the legal fees of $3,500.00 and costs of $380.00 from the amount deposited should not impose a hardship on either claimant, and neither party has shown how such payment would work a hardship on them. Further, no party has provided the court with any reason why the court should lower such amount in the exercise of its discretion, and the court can find none from its review of the record.

Having carefully considered the request as well as the pleadings, the court will grant plaintiff's motion and enter an Order dismissing plaintiff from all liability under the Policy on account of the death of Mr. Sanders, award Provident all of its legal fees and costs from the funds on deposit, and leave only for resolution the question of disposition of the policy proceeds between the two potential beneficiaries.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

---

[1] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

(1) Laura M. Sanders' Motion for Judgment on the Pleadings (#16) is **DENIED** without prejudice; and

(2) Provident Life and Accident Insurance Company's Motion for Dismissal and Payment of Attorneys' Fees and Costs (#18) is **GRANTED,** and

    (A) Provident Life and Accident Insurance Company is **RELIEVED** from all liability under its Policy number 08D4778089 on account of the death of Mr. Sanders;

    (B) Provident Life and Accident Insurance Company is **AWARDED** its legal fees and costs from the funds on deposit with the court in the total amount of $3,880.00; and

    (C) Provident Life and Accident Insurance Company is **DISMISSED** with prejudice as a party plaintiff to this action.

The Clerk of this Court is respectfully instructed to pay from the funds deposited with the court in this matter the total amount of $3,880.00 as fees and costs to Provident Life and Accident Insurance Company, care of counsel of record for plaintiff.

Signed: March 28, 2011

Max O. Cogburn Jr.
United States District Judge