# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10cv154

| | |
|---|---|
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| Vs. | ) ORDER ) |
| LAURA M. SANDERS; and DIANE M. SANDERS, | ) ) ) |
| Defendants. | ) ) ) |

**THIS MATTER,** which is in interpleader to determine the proper beneficiary of insurance benefits due under a Policy of life insurance issued to the late John M. Sanders, and is before the court on

(1) Diane M. Sanders' Motion for Summary Judgment (#38); and

(2) Diane M. Sanders' Amendment to Motion for Summary Judgment (#41).

As defendant Diane M. Sanders, who is proceeding *pro se,* is the party moving for summary judgment, the court has not issued any advisory Order under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Defendant Laura M. Sanders has timely filed a Response.

## FINDINGS AND CONCLUSIONS

**I.  Background**

The nature of the dispute is straight forward. A complaint in interpleader was filed by plaintiff Provident Life and Accident Insurance Company (hereinafter "Provident") to determine the appropriate recipient of death benefit proceeds from an insurance policy issued to defendants' decedent John M. Sanders. Mr. Sanders purportedly executed a change of beneficiary form on January 8, 2010, which was submitted to and accepted by Provident

-1-

and reflected a change in beneficiary from his former spouse, Defendant Diane Sanders, to his mother, Defendant Laura Sanders. Each defendant contends that they are the rightful beneficiary of such proceeds.

As plaintiff has properly deposited the disputed proceeds and been dismissed, this is now an action in interpleader between the defendants to determine the proper beneficiary of insurance benefits due under the Policy on account of the death of Mr. Sanders. Provident has paid $26,237.10 into the Registry of this court. The court has jurisdiction over the parties and the subject matter because the benefits at issue are from a plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

**II.     Facts Underlying the Interpleader Action**

In Exhibit B to the Complaint, Mr. Sanders designated his then wife, defendant Diane Sanders, as beneficiary by a change of beneficiary dated December 23, 1998. Shortly before his death on January 24, 2010, he designated his mother, defendant Laura Sanders, as beneficiary by a change of beneficiary form dated January 8, 2010. See Exhibit C to the Complaint. At the time of such change in designation, Mr. Sanders was no longer married to defendant Diane Sanders. Both defendants made claims to Provident for the proceeds. See Exhibits A and B to the Motion, and this interpleader ensued. On July 23, 2010, defendant Laura M. Sanders filed a counseled Answer, asserting her entitlement to benefits. On August 3, 2010, defendant Diane M. Sanders filed *pro se* a document with the court asserting her right to benefits, which has been docketed as an Answer. Reading her Answer and the other pleadings in a light most favorable to the pro se litigant, defendant Diane M. Sanders contends in the alternative that decedent did not sign the change of beneficiary form, that he was not competent to sign such form, or that he was coerced into changing the intended beneficiary.

Exhibit C to the Complaint is a copy of a letter Provident sent to defendant Laura M. Sanders, dated January 19, 2010, confirming receipt of the change of beneficiary form, and acknowledging a change in Provident's records. See Exhibit C to the Motion.

### III. Summary Judgment Standard

Rule 56(a), Federal Rules of Civil Procedure, provides:

> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed.R.Civ.P. 56(a). The rule goes on to provide procedures for plaintiff to use in responding to a Motion for Summary Judgment:

> **(c) Procedures.**
> **(1) Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> **(2) Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> **(3) Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.
>
> **(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed.R.Civ.P. 56(c).

On a motion for summary judgment, the moving party has the burden of production to show that there are no genuine issues for trial. Upon the moving party's meeting that burden, the non-moving party has the burden of persuasion to establish that there is a genuine issue for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving [sic] party must come forward with "specific facts showing that there is a *genuine issue for trial*." Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial."

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted; emphasis in the original) (quoting Fed. R. Civ. P. 56). There must be more than just a factual dispute; the fact in question must be material and readily identifiable by the substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

By reviewing substantive law, the court may determine what matters constitute material facts. Anderson, supra. "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." Id. at 248. A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id. The court must credit factual disputes in favor of the party resisting summary judgment and draw inferences favorable to that party if the inferences are reasonable, however improbable they may seem. Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980). Affidavits filed in support of a Motion for Summary Judgment are to be used to determine whether issues of fact exist, not to decide the issues themselves. United States ex rel. Jones v. Rundle, 453 F.2d 147 (3d Cir. 1971). When resolution of issues of fact depends upon a determination of credibility, summary judgment is improper. Davis v. Zahradnick, 600 F.2d 458 (4th Cir. 1979).

In determining whether a genuine issue of material fact exists, the admissible evidence of the non-moving party must be believed and all justifiable inferences must be drawn in his or her favor. Anderson, supra, at 255. In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Id., at 252

## IV. Discussion

While the court has liberally read defendant Diane M. Sanders *pro se* Motion for Summary Judgment and the amendment to such motion, she basically argues that the court should believe her version of events and her conclusion that the change of beneficiary form executed by the decedent on January 8, 2010, was either forged, coerced, or was executed by a person who was then incompetent. In support of her motion, plaintiff has offered a "Statement of Fact" with twenty separate items listed, that are merely her personal assertions, recollections, and interpretations of the facts as she remembers them in this situation. She has made specific statements about other individuals that may be potentially called as witnesses in this action, but are not party to the dispute in question. In addition, defendant Diane M. Sanders appears to argue that summary judgment should be entered in her favor because defendant Laura M. Sanders lacks any evidence with which she can prove that the decedent was competent when he executed the change of beneficiary form. In response to this challenge, defendant Laura M. Sanders has forecast substantial evidence probative on the issue of competency, including medical records that include an executed DNR, a Power of Attorney, and other documents necessary for informed consent in a medical setting.

As the court hopes defendant Diane M. Sanders has concluded from reading the above applicable standard, on a motion for summary judgment the court is not allowed to weigh competing versions of the facts or make credibility determinations. Instead, the court must simply determine whether genuine issues of material fact remain for trial. In an interpleader action between competing beneficiary, the key factual issues for trial are whether the decedent signed the change of beneficiary form, whether the insured was competent to do so, and whether he did so under duress. Issues of what weight should be given to admissible evidence and whether testimony is credibility are issues for a jury to decide.

Defendant Diane M. Sanders' Motion for Summary Judgment and Amendment must be denied as she has not shown that she is entitled to entry of judgment at this time.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Diane M. Sanders' Motion for Summary Judgment (#38) and Amendment to Motion for Summary Judgment (#41) are **DENIED**.

Signed: June 6, 2011

Max O. Cogburn Jr.
United States District Judge