# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10cv154

| | |
|---|---|
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, ) ) ) Plaintiff, ) ) Vs. ) ) LAURA M. SANDERS; and DIANE M. ) SANDERS, ) ) Defendants. ) _____ ) | MEMORANDUM OF DECISION AND ORDER |

**THIS MATTER,** which is a matter in interpleader to determine the proper beneficiary of insurance benefits due under a Policy of life insurance issued to the late John M. Sanders, is before the court on Laura M. Sanders' Motion for Summary Judgment (#51). As defendant Diane M. Sanders is proceeding *pro se,* the court issued an advisory Order (#52) under <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975) on August 10, 2011, instructing such defendant of her responsive burden, explaining how to submit a response and any evidence she may have, and allowing her until August 20, 2011, to so respond. Despite the passage of such deadline two months ago, no response has been submitted.

## FINDINGS AND CONCLUSIONS

**I.  Background**

A Complaint in interpleader was filed by plaintiff Provident Life and Accident Insurance Company (hereinafter "Provident") to determine the appropriate recipient of death benefit proceeds from an insurance policy issued to defendants' decedent John M. Sanders. Mr. Sanders purportedly executed a change of beneficiary form on January 8, 2010, which was submitted to and accepted by Provident and reflected a change in beneficiary from his

-1-

former spouse, Defendant Diane M. Sanders (the respondent to the instant motion), to his mother, Defendant Laura M. Sanders (the proponent of the instant motion). Each defendant contends that they are the rightful beneficiary of such proceeds. As plaintiff has properly deposited the disputed proceeds and been dismissed, this is now an action in interpleader between the defendants to determine the proper beneficiary of insurance benefits due under the Policy on account of the death of Mr. Sanders. Provident has paid $26,237.10 into the Registry of this court and has been allowed $3,880.00 from such deposit as fees and costs.

The court has jurisdiction over the parties and the subject matter because the benefits at issue are from a plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

## II. Facts Underlying the Interpleader Action

As demonstrated in Exhibit B to the Complaint, Mr. Sanders designated his then wife, defendant Diane M. Sanders, as beneficiary by a change of beneficiary dated December 23, 1998. Shortly before his death on January 24, 2010, he designated his mother, defendant Laura M. Sanders, as beneficiary by a change of beneficiary form dated January 8, 2010. See Exhibit C to the Complaint. At the time of such change in designation, Mr. Sanders was no longer married to defendant Diane M. Sanders. Both defendants made claims to Provident for the proceeds. See Exhibits A and B to the Motion, and this interpleader ensued.

On July 23, 2010, defendant Laura M. Sanders filed a counseled Answer, asserting her entitlement to benefits. On August 3, 2010, defendant Diane M. Sanders filed *pro se* a document with the court asserting her right to benefits, which has been docketed as an Answer. Reading her Answer and the other pleadings in a light most favorable to the *pro se* litigant, defendant Diane M. Sanders contends in the alternative that decedent did not sign the change of beneficiary form, that he was not competent to sign such form, and that he was

coerced into changing the intended beneficiary.

Exhibit C to the Complaint is a copy of a letter Provident sent to defendant Laura M. Sanders, dated January 19, 2010, confirming receipt of the change of beneficiary form, and acknowledging a change in Provident's records.  <u>See</u> Exhibit C to the Motion.

### III. Summary Judgment Standard

Rule 56(a), Federal Rules of Civil Procedure, provides:

> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  The court should state on the record the reasons for granting or denying the motion.

Fed.R.Civ.P. 56(a).  The rule goes on to provide procedures for plaintiff to use in responding to a Motion for Summary Judgment:

> **(c) Procedures.**
> (**1**) **Supporting Factual Positions.**  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> **(2) Objection That a Fact Is Not Supported by Admissible Evidence.**  A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> **(3) Materials Not Cited.**  The court need consider only the cited materials, but it may consider other materials in the record.
>
> **(4) Affidavits or Declarations.**  An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed.R.Civ.P. 56(c).  On a motion for summary judgment, the moving party has the burden of

−3−

production to show that there are no genuine issues for trial. Upon the moving party's meeting that burden, the non-moving party has the burden of persuasion to establish that there is a genuine issue for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving [sic] party must come forward with "specific facts showing that there is a *genuine issue for trial*." Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial."

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted; emphasis in the original) (quoting Fed. R. Civ. P. 56). There must be more than just a factual dispute; the fact in question must be material and readily identifiable by the substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

By reviewing substantive law, the court may determine what matters constitute material facts. Anderson, supra. "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." Id. at 248. A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id. The court must credit factual disputes in favor of the party resisting summary judgment and draw inferences favorable to that party if the inferences are reasonable, however improbable they may seem. Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980). Affidavits filed in support of a Motion for Summary Judgment are to be used to determine whether issues of fact exist, not to decide the issues themselves. United States ex rel. Jones v. Rundle, 453 F.2d 147 (3d Cir. 1971). When resolution of issues of fact depends upon a determination of credibility, summary judgment is improper. Davis v. Zahradnick, 600 F.2d 458 (4th Cir. 1979).

In determining whether a genuine issue of material fact exists, the admissible evidence of the non-moving party must be believed and all justifiable inferences must be drawn in his or her favor. Anderson, supra, at 255. In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Id., at 252

## IV. Discussion

While the court has liberally read defendant Diane M. Sanders' *pro se* Answer, she has filed no response and no evidence to support the contentions contained in such Answer to the effect that decedent did not sign the change of beneficiary form, that he was not competent to sign such form, or that he was coerced into changing the intended beneficiary.

In moving for summary judgment, defendant Laura M. Sanders has shown through admissible evidence that all procedures that were outlined by Provident to effect the change of beneficiary were executed by and at the express direction of decedent John Sanders. See Exhibit C of Provident's Complaint, (#1-3, at pp. 2-3) (Change of Beneficiary Form); Exhibit A of Provident's Complaint (#1-1, at p. 15) (Policy). Decedent John Sanders was identified as the Owner and Insured in the Provident policy that was originally issued on March 4, 1992, of Provident's Complaint and attached as Exhibit A (Document No. 1-1, page 3). The evidence of record further shows that at no point in his lifetime did decedent John Sanders change the ownership provision of his policy. Even though the beneficiary designation was changed by decedent John Sanders after his terminal diagnosis, it was performed in the manner outlined in Provident's policy provisions and accepted by Provident in accordance with their stated policy.

On or about January, 19, 2010, defendant Laura Sanders received a letter from Provident verifying that the policy changes were made to decedent John Sanders' life insurance policy. See Exhibit A to the Motion for Summary Judgment. In this letter, Provident conveyed their acknowledgment of those changes, and defendant Laura M. Sanders was identified as the "primary beneficiary." A letter was later sent to defendant Diane M. Sanders by Provident dated February 16, 2010, which reflects the change of beneficiary and additionally states: "you [Defendant Diane Sanders] are no longer the

beneficiary on file." See Exhibit B to the Motion for Summary Judgment.

Second, defendant Laura M. Sanders has shown through admissible evidence that the decedent John Sanders was mentally competent to change his designation of beneficiary on or about January 8, 2010. The records of his hospitalization for his illness from December 29, 2009, until his death on January 24, 2010, indicate that the decedent was able to made end of life decisions well after he executed the change of beneficiary form. In all, the movant has come forward with medical records indicating that despite the fact that decedent John Sanders was suffering from terminal cancer at the time he changed beneficiaries, the undisputed medical record shows he was able to participate and make multiple important decisions about his care and treatment up until the time of his death. Decedent John Sanders was able to comprehend and communicate his wishes even though he suffered with a tumor that had invaded his oral cavity and made speech difficult or impossible. With the assistance of his family, he executed several different types of documents including but not limited to, two (2) different medical authorizations, and a health care power of attorney. Most importantly, decedent John Sanders was able to make and communicate an "end of life" decision on or about January 11, 2010, concerning the DNR order, and the physician who later wrote the DNR order stated decedent was "clearly competent" regarding this decision. Thus, the only evidence before the court was that the decedent was competent and that the change in beneficiary was made at his request and with his express permission. Diane M. Sanders has offered no evidence to the contrary, making the allegations of her Answer merely speculative and conclusory.

Finding that no genuine issue of material fact remains for trial, the court will grant the Motion for Summary Judgment.

# ORDER

**IT IS, THEREFORE, ORDERED** that Laura M. Sanders' Motion for Summary Judgment (#51) is **GRANTED** in favor of Laura M. Sanders and against Diane M. Sanders, and the Clerk of this Court is instructed to enter a judgment providing that the remaining interpleaded funds be disbursed to Laura M. Sanders in the care of her counsel of record, and that such payment is in complete satisfaction of Provident Life and Accident Insurance Company policy number 08D4778089 on account of the death of Mr. Sanders;

The Clerk of this Court is respectfully instructed to pay Laura M. Sanders the remaining interpleaded funds deposited with the court in this matter as provided in this Order.

## Advice of Appellate Rights

In accordance with Wilder v. Chairman of the Central Classification Bd., 926 F.2d 367, 371 (4th Cir.)("while not mandated, the preferable practice is to include a statement to all final orders involving *pro se* litigants setting forth the litigants' appellate rights"), cert. denied, 502 U.S. 832 (1991), Diane M. Sanders is hereby advised of the right to appeal this decision to the Court of Appeals of the Fourth Circuit in the manner described in Rule 3, Federal Rules of Appellate Procedure, by filing a Notice of Appeal with the Clerk of this Court within the time prescribed in Rule 4, Federal Rules of Appellate Procedure, which is **30 days** from entry of this Order. Failure to file a Notice of Appeal within the first 30-day period after entry of judgment requires the filing of a motion for extension of time and a notice of appeal within the second 30-day period after entry of judgment. Fed. R. App. P. 4(a)(5). See United States ex rel. Leonard v. O'Leary, 788 F.2d 1238, 1240 (7th Cir. 1986).

Signed: October 25, 2011

Max O. Cogburn Jr.
United States District Judge